Eastern District of Kentucky
FILED

JAN 1 2 2023

At Pikeville
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:22-CR-17-REW

UNITED STATES OF AMERICA      PLAINTIFF

V.      **PLEA AGREEMENT**

JEFFREY MULLINS      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the single count of the Indictment, charging a violation of 18 U.S.C. § 2113(a), bank robbery.

2. The essential elements of the single indicted count are:

   (a) The Defendant took money from the person or presence of another while that money was in the care, custody, or possession of Community Trust Bank;

   (b) The taking was by force, violence, and intimidation; and

   (c) The deposits of the Community Trust Bank were then insured by the Federal Deposit Insurance Corporation.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant robbed the Community Trust Bank in Allen, Kentucky on August 18, 2021. The Defendant entered the bank, passed a demand note, claimed to have a gun, and brandished what the teller reported was a firearm in his waistband to enforce compliance. Surveillance footage from local businesses showed the Defendant—identifiable from a distinctive grey patch in his hair, build, wallet (subsequently seized upon his arrest), and the definitive characteristics of the red Dodge Caravan that the Defendant purchased weeks before the robbery and drove on August 18, 2021—enter a store masked and gloved minutes before the robbery and purchase a tri-colored, American flag hat to complete his disguise before heading to the bank. Ultimately, the Defendant made off with $16,822.00.

(c) The Community Trust Bank, in Allen, Kentucky, was insured by the Federal Deposit Insurance Corporation throughout 2021.

4. The statutory punishment is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The 2021 United States Sentencing Guidelines (U.S.S.G.) manual will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 2B3.1, the Defendant's base offense level is 20.

    (c)    Pursuant to U.S.S.G. § 2B3.1(b)(1), increase the offense level by 2 because the property of a financial institution was taken.

    (d)    Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), the Government will argue at sentencing to increase the offense level by 5 because a firearm was brandished. The Defendant retains the right to argue, pursuant to U.S.S.G. § 2B3.1(b)(2)(E), that a dangerous weapon, rather than a firearm, was brandished or possessed.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 5E1.1, restitution is $16,822.00, and the victim is Community Trust Bank.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant

3

will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

4

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10. The United States agrees to recommend that any terms of imprisonment imposed as a result of the Defendant's reported violations of supervised release in Case Nos. 7:20-CR-7 & 7:92-CR-35 run concurrently with each other. The United States reserves the right to argue that any such term of imprisonment stemming from the supervised release matters and the sentence imposed for the Defendant's conviction on the indicted charge run consecutively.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 1/12/23   By: _____
W. Pearce Nesbitt
Assistant United States Attorney

Date: 1/12/2023   _____
Jeffrey Mullins
Defendant

Date: 1/12/2023   _____
Noah R. Friend
Attorney for Defendant