UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:22-CR-17-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JEFFREY MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 24 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Jeffrey Mullins's guilty plea and adjudge him guilty of Count One of the Indictment. *See* DE 1 (Indictment); 27 at 2 (Recommendation). Judge Atkins expressly informed Mullins of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 27 at 3. The established, three-day objection deadline has passed without objection.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from either party and on full review of the record, the Court **ADOPTS** DE 27, **ACCEPTS** Mullins's guilty plea, and **ADJUDGES** him guilty of Count One of the Indictment.[1]  The Court will issue a separate sentencing order.

This the 20th day of January, 2023.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Judge Atkins detained Mullins after the plea hearing. *See* DE 24. This was also his status entering the hearing. *See* DE 11. The record reflects a persisting custody basis, and the conviction would require detention. Absent an intervening order, Mullins will remain in custody pending sentencing.

2